SAMUEL A. CARR *vs.* THE CONTINENTAL FIBRE COMPANY, a corporation of the State of Delaware.

1.  MASTER AND SERVANT—DECLARATION—NEGLIGENCE OF MASTER.

A declaration alleging the master's duty to furnish reasonably safe and sufficient machinery, that he negligently omitted such duty, and set plaintiff to lowering a large barrel, weighing eight hundred pounds, down a steep stairway into a cellar, that on notice he promised to furnish machinery or implements necessary to make the work reasonably safe, but failed to do so, that he directed plaintiff to stand in the cellar, which he did, relying upon such promise, and which he otherwise would not have done, and that the barrel was started down the stairway without notice to plaintiff, who was thereby injured, sufficiently alleged a direction to stand in the cellar and that plaintiff had no notice of the starting of the barrel.

2.  MASTER AND SERVANT—DECLARATION—NEGLIGENCE OF MASTER.

Such declaration was not demurrable on the ground that, as the servant was engaged in simple manual labor, the master was not negligent in not furnishing sufficient appliances or machinery for the work.

(*March* 12, 1914.)

Judges WOOLLEY and RICE sitting.
*Levin Irving Handy* and *Wilbur L. Adams* for plaintiff.
*Robert H. Richards* and *Aaron Finger* for defendant.
Superior Court, New Castle County, March Term, 1914.

ACTION ON THE CASE (No. 50, January Term, 1913) by Samuel A. Carr against the Continental Fibre Company. General demurrer to declaration overruled.

See *ante*, also, 88 *Atl.* 467.

The facts appear in the opinion of the court.

RICE, J., delivering the opinion of the court:

[1]  Argument was heard on a general demurrer to each of the four counts of the declaration.

In the first count it is in substance alleged that defendant corporation engaged the plaintiff to work as a laborer in and about its fiber plant at Newark, and it was the defendant's duty to furnish plaintiff with reasonably safe and sufficient machinery to work with. The defendant negligently omitted this duty and negligently set plaintiff, with four other men, to work to lower from the ground floor into the cellar, a distance of eight feet, down a steep stairway, a large barrel filled with boiler compound

weighing eight hundred pounds, without furnishing any machinery or implements. Plaintiff alleges that suitable implements were necessary to make the work reasonably safe, and so notified the defendant. The defendant promised to furnish same, and plaintiff was instructed to get in position in the cellar in the meantime, which he did relying on promise of defendant, otherwise he would not have done so. Defendant failed to fulfill its promise and started the barrel down the stairway without machinery, and without notice to plaintiff. The plaintiff, while in the exercise of due care, was struck by the barrel and injured by reason of defendant's omission to provide reasonably safe and sufficient machinery as promised.

The second count is the same as the first except that it alleges the defendant's duty was to provide a reasonably safe place for the plaintiff to work in, and that it failed in this duty by omitting to furnish suitable implements in moving and handling the barrel to make the place reasonably safe.

The third and fourth counts differ from the first and second counts respectively, only in that when the complaint was made by the plaintiff he was assured by the defendant that he could proceed with the work without danger to himself, and he was thereupon ordered to do the work assigned.

The first and second reasons urged against the sufficiency of the declaration are: *First*, it does not appear by *whom* he was instructed to go down the stairway and get in position; *second*, it does not appear of *what* he did not receive notice.

We are of the opinion that the counts do set forth with sufficient clearness that the defendant instructed the plaintiff to get in position, and the thing concerning which he did not have notice was the starting of the barrel down the stairway, therefore both the above objections must fail.

[2]   The defendant urges as his third reason that the plaintiff was engaged in simple manual labor of such a character that appliances or machinery were not essential for its performance, and therefore the defendant was not negligent in failing to furnish them.

We have carefully considered this contention of the defend-

ant and the many authorities cited by counsel in support of the demurrer, also some authorities not cited, and have reached the conclusion that this court, from the limited statement of facts necessary to be set forth in the declaration, cannot now say as a matter of law that the lowering of a barrel and its contents, weighing eight hundred pounds, down a steep stairway, is the performance of an act of simple manual labor not reasonably requiring, for safety, the furnishing by the master of implements, machinery or appliances with which to do the work.

The question is one which may depend on the particular facts proved in support of the action, and therefore it is one which may be profitably left for determination by the trial court.

Also we cannot now determine the effect of the promise or assurance, alleged by the plaintiff to have been made by the defendant, upon the question of the assumption of risk by the plaintiff, the same being dependent on the terms thereof, as develop by the testimony and upon the trial court's decision on the former question.

The demurrer is overruled.